UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTEN RUYLE

Plaintiff,

v.                                                         CASE NO: 8:23-cv-02059

UNIVERSITY OF SOUTH
FLORIDA BOARD OF TRUSTEES
d/b/a University of South Florida

Defendant.
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, KRISTEN RUYLE, (hereinafter "Ms. Ruyle" or "Plaintiff") by and through the undersigned counsel, sues Defendant, UNIVERSITY OF SOUTH FLORIDA d/b/a University of South Florida (hereinafter "USF" or "Defendant") and alleges in support:

## JURISDICTION AND VENUE

1. This is an action for damages arising under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et al* ("ADEA") and the Florida Civil Rights Act of 1992, Chapter 760.10, Florida Statutes ("FCRA") for discrimination based on age and in retaliation for engaging in a protected activity.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

1

3. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 USC § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Hillsborough County, which is located within the Middle District of Florida.

## PARTIES

4. Plaintiff, KRISTEN RUYLE, is a fifty-four-year-old female who resides in Hillsborough County, Florida, located in the Middle District of Florida.

5. At all times material, Defendant, UNIVERSITY OF SOUTH FLORIDA, operated in Hillsborough County, Florida.

6. At all times material, Defendant, UNIVERSITY OF SOUTH FLORIDA, has been organized and in existence within Hillsborough County, Florida, located within the Middle District of Florida.

7. At all times material, Plaintiff was an employee of Defendant, UNIVERSITY OF SOUTH FLORIDA.

8. At all times material hereto, Defendant, UNIVERSITY OF SOUTH FLORIDA, employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff has satisfied all conditions precedent to filing her ADEA claim in that she filed a charge of discrimination with the EEOC on December 21, 2022, and received a Notice of Right to Sue on June 16, 2023.

## GENERAL ALLEGATIONS

10. Kristin Ruyle is a fifty-five-year-old female.

11. In 1999, the University of South Florida hired Ms. Ruyle as an Instructor at the Zimmerman School of Advertising and Mass Communication ("Zimmerman").

12. During Ms. Ruyle's twenty-two-year tenure as an instructor at USF, she consistently received high performance reviews and had never been written up for any reason.

13. In August 2020, USF hired Kathy Fitzpatrick to serve as the Director of Zimmerman.

14. Almost immediately after Ms. Fitzpatrick became Director, the College of Arts and Science at USF asked Ms. Ruyle and other instructors in her department over the age of fifty-five if they wanted to retire. Ms. Ruyle declined this offer.

15. Ms. Ruyle's traditional course load included two sections of RTV 4542 (TV Production and Direction) and either one course of RTV 4332C (Documentary Production - Spring) or one course of RTV 3543 (Multicamera Field Production – Fall – MMC6900).

16. On January 27, 2021, Ms. Fitzpatrick informed Ms. Ruyle that she could no longer teach the 3/3 course schedule that she had taught for 20 years. Instead, Ms. Fitzpatrick wanted Ms. Ruyle to teach an additional three-hour course on top of her existing course load.

17. Ms. Fitzpatrick claimed that Ms. Ruyle was required to teach 12 hours of credits each semester. However, Ms. Fitzpatrick permitted a younger instructor – Jeanette Abrahamsen (age 35) - to keep a virtually identical course-load without issue.

18. During this conversation, Ms. Ruyle explained to Ms. Fitzpatrick that her 9-credit-hour course-load was actually the equivalent of an 11-hour course-load because two of the courses that she taught met for 4 hours each week despite being listed at just 3 hours.

19. Ms. Ruyle also explained that the Documentary Production Course and Multicamera Field Production courses each came with major projects at the end of the semester which required her to spend an additional 64 hours in the production studio to assist students with their projects. This additional 64 hours of lab time was equivalent to another 4 hours in course credits when prorated across the 16-week semester. This extra time working directly with the students made Ms. Ruyle's course load equivalent to a 15-hour course-load, in actuality.

20. Moreover, Ms. Ruyle explained that this hidden time commitment was the reason she had always been permitted to teach 11 credit hours rather than the more traditional 12 credit hours.

21. Ms. Fitzpatrick understood that though Ms. Ruyle's course listings totaled only nine hours on the student registrar, Ms. Ruyle's workload was in fact the equivalent of a 15-hour course-load.

22. Despite this, Ms. Fitzpatrick required that Ms. Ruyle drop Documentary Film Production and Multicamera Film Production from her syllabus and add RTV 2100 (Writing for Radio and TV) a course for writing advertisements which she had no training in or desire to teach.

23. Ms. Fitzpatrick did not require that Ms. Abrahamsen (age 35) change her schedule despite the fact that Ms. Ruyle and Ms. Abrahamsen taught the same course-load.

24. Additionally, Ms. Fitzpatrick did not require that Ryan Watson (age 40) change his schedule despite the fact that Mr. Watson taught only six credit hours, a significantly lighter course-load than Ms. Ruyle.

25. When Ms. Fitzpatrick forced Ms. Ruyle to change her course schedule, Ms. Ruyle filed a grievance with the Union.

26. In Ms. Ruyle's grievance she reported to Dean Eric Eisenberg, Associate Dean Toru Shimizu, and Human Resources Administrator Angela Lucas that she had been discriminated against because of her age.

27. On March 5, 2021, following Ms. Ruyle's grievance with the Union, Ms. Fitzpatrick elected to reduce the hours of RTV 4542 from 4 hours to 2.5 hours of instruction.

28. Ms. Fitzpatrick then required Ms. Ruyle to add RTV 2100. Ms. Fitzpatrick did not allow Ms. Ruyle to continue teaching Multicamera Production or Documentary Film Production. Ms. Fitzpatrick instead assigned these courses to younger less experienced instructors.

29. On December 13, 2021, Toru Shimizu sent Ms. Ruyle a Notice of Non-Reappointment indicating that she would not teach in the following two semesters (Spring 2022 and Fall 2022) and would be terminated after the Fall 2022 semester.

30. Ms. Ruyle's courses were reassigned to younger less experienced instructors – Kristofer Atkinson (age 42) and Summer Smith-Pope (age 44).

31. Ms. Ruyle has incurred attorney's fees and costs in bringing this lawsuit.

## COUNT I
## VIOLATION OF THE ADEA
## FOR DISCRIMINATION ON THE BASIS OF AGE

32. Plaintiff, KRISTIN RUYLE, re-alleges and incorporates by reference the allegations set forth in paragraph one (1) through thirty-one (31) as if set forth fully herein.

33. As an individual who is over forty years of age, Ms. Ruyle is a member of a protected class under the ADEA.

34. Defendant is considered an "employer" within the meaning of the ADEA.

35. Plaintiff was subjected to disparate treatment based on her age.

36. Defendant's actions in discriminating against Ms. Ruyle because of her age were reckless, willful, and malicious.

37. Ms. Ruyle is fifty-five years old.

38. On January 27, 2021, Kathy Fitzpatrick (Director) informed Ms. Ruyle that she was required to teach an additional three-hour course on top of her existing three credit hour course load.

39. Ms. Fitzpatrick forced Ms. Ruyle to change her course schedule to include 12 credit hours of instruction despite Ms. Ruyle's attempt to explain that the increased course load would be equivalent to a 15-hour course load.

40. However, Ms. Fitzpatrick did not require younger instructors – Jeannete Abrahamsen (age 35) and Ryan Watson (age 40) to change their schedules despite the fact that they worked either the same course-load or a significantly lighter course-load compared to Ms. Ruyle.

41. On December 13, 2021, Toru Shimizu sent Ms. Ruyle a Notice of Non-Reappointment indicating that she would not teach in the following two semesters (Spring 2022 and Fall 2022) and would be terminated after the Fall 2022 semester.

42. Ms. Ruyle's courses were reassigned to younger less experienced instructors – Kristofer Atkinson (age 42) and Summer Smith-Pope (age 44).

43. Defendant terminated Ms. Ruyle because of her age.

44. Defendant knew or should have known of the age discrimination and failed to take prompt remedial action.

45. Defendant is liable for the discrimination alleged herein. These actions all adversely affect the terms and conditions of Plaintiff's employment in violation of the ADEA.

46. As a direct and proximate result of Defendant's unlawful discrimination, Ms. Ruyle has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, loss of enjoyment of life, among many other damages for which she is entitle to compensation.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

A. Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant;

B. Awarding Plaintiff compensatory damages against Defendant;

C. Awarding Plaintiff liquidated damages in an amount equal to Plaintiff's total damages;

D. Awarding Plaintiff punitive damages against Defendant;

E. Awarding reasonable attorney's fees and costs incurred in this action; and

F. Any further relief as this Court deems just and equitable.

### COUNT II
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### FOR DISCRIMINATION ON THE BASIS OF AGE

47. Plaintiff, KRISTIN RUYLE, re-alleges and incorporates by reference the allegations set forth in paragraph one (1) through thirty-one (31) as if set forth fully herein.

48. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq*. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's age.

49. Plaintiff is over forty years of age and, as such, is a member of a protected class and protected by the FCRA from discrimination based on her age.

50. Plaintiff has satisfied all procedural and administrative requirements set forth in the Florida Civil Rights Act, Section 760.01, *et seq.*, Florida Statutes.

51. Ms. Ruyle is fifty-four years old.

52. On January 27, 2021, Kathy Fitzpatrick (Director) informed Ms. Ruyle that she was required to teach an additional three-hour course on top of her existing three credit hour course load.

53. Ms. Fitzpatrick forced Ms. Ruyle to change her course schedule to include 12 credit hours of instruction despite Ms. Ruyle's attempt to explain that the increased course load would be equivalent to a 15-hour course load.

54. However, Ms. Fitzpatrick did not require younger instructors – Jeannete Abrahamsen (age 35) and Ryan Watson (age 40) to change their schedules despite the fact that they worked either the same course-load or a significantly lighter course-load compared to Ms. Ruyle.

55. On December 13, 2021, Toru Shimizu sent Ms. Ruyle a Notice of Non-Reappointment indicating that she would not teach in the following two semesters (Spring 2022 and Fall 2022) and would be terminated after the Fall 2022 semester.

56. Ms. Ruyle's courses were reassigned to younger less experienced instructors – Kristofer Atkinson (age 42) and Summer Smith-Pope (age 44).

57. Defendant terminated Ms. Ruyle because of her age.

58. Defendant is liable for the discrimination alleged herein. These actions all adversely affect the terms and conditions of Plaintiff's employment in violation of the FCRA.

59. As a direct and proximate result of Defendant's unlawful discrimination, Ms. Ruyle has suffered past and future wage losses, severe emotional distress, reputational damages, loss of capacity to earn income, loss of enjoyment of life, among many other damages for which she is entitle to compensation.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

A. Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant;

B. Awarding Plaintiff compensatory damages against Defendant;

C. Awarding Plaintiff liquidated damages in an amount equal to Plaintiff's total damages;

D. Awarding Plaintiff punitive damages against Defendant;

E. Awarding reasonable attorney's fees and costs incurred in this action; and

F. Any further relief as this Court deems just and equitable.

## COUNT III
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## IN RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY

60. Plaintiff, KRISTIN RUYLE, re-alleges and incorporates by reference the allegations set forth in paragraph one (1) through thirty-one (31) as if set forth fully herein.

61. Plaintiff brings an action under the Florida Civil Right Act 1992, § 760.01, *et al* for USF's treatment of her due to her age, resulting in her termination.

62. Ms. Ruyle is a fifty-five-year-old female.

63. On January 27, 2021, Kathy Fitzpatrick (Director) informed Ms. Ruyle that she was required to teach an additional three-hour course on top of her existing three credit hour course load.

64. Ms. Fitzpatrick forced Ms. Ruyle to change her course schedule to include 12 credit hours of instruction despite Ms. Ruyle's attempt to explain that the increased course load would be equivalent to a 15-hour course load.

65. However, Ms. Fitzpatrick did not require younger instructors – Jeannete Abrahamsen (age 35) and Ryan Watson (age 40) to change their schedules despite the fact that they worked either the same course-load or a significantly lighter course-load compared to Ms. Ruyle.

66. Consequently, Ms. Ruyle filed a grievance with the Union. In her grievance Ms. Ruyle reported to Dean Eric Eisenberg, Associate Dean Toru

Shimizu, and Human Resources Administrator Angela Lucas that she had been discriminated against because of her age.

67. On March 5, 2021, following Ms. Ruyle's grievance with the Union, Ms. Fitzpatrick reassigned courses traditionally taught by Ms. Ruyle to younger less experienced instructors.

68. On December 13, 2021, Toru Shimizu sent Ms. Ruyle a Notice of Non-Reappointment indicating that she would not teach in the following two semesters (Spring 2022 and Fall 2022) and would be terminated after the Fall 2022 semester.

69. Ms. Ruyle's courses were reassigned to younger less experienced instructors – Kristofer Atkinson (age 42) and Summer Smith-Pope (age 44).

70. Defendant terminated Ms. Ruyle in retaliation for her reports of age discrimination.

71. Defendant is liable for retaliation alleged herein. These actions all adversely affected the terms and conditions of Plaintiff's employment in violation of the FCRA.

72. As a direct and proximate result of Defendant's acts, Ms. Ruyle has suffered loss of employment compensation, privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Ms. Ruyle has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court provided in the Florida Civil Rights Act of 1992, and prays for a judgment:

A.  Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Plaintiff;

B.  Back pay;

C.  Front pay;

D.  Compensatory damages against Defendant;

E.  Prejudgment interest;

F.  Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant;

G.  Reasonable attorney's fees and cost incurred in this action as provided in Section 760.11 (5), Florida Statutes; and

H.  Any other relief the Court finds appropriate under the law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 12th day of September 2023.

                Respectfully submitted by:

                */s/ Gary L. Printy, Jr., Esq.*
                Gary L. Printy, Jr.
                Florida Bar No. 41956
                **THE PRINTY LAW FIRM**
                5407 N Florida Avenue
                Tampa, Florida 33604

>Telephone (813) 434-0649
>FAX (813) 423-6543
>garyjr@printylawfirm.com
>e-service@printylawfirm.com
>*Attorney for Plaintiff*